Loring, J.,
delivered the opinion of tbe court:
The facts stated show that while the petitioner held the office of clerk in the custom-house at New York, and was paid as such, he was several times appointed and served as deputy-collector ad interim, and for such service he claims $1,258.38, which, with what has been paid to and received by him, will make the legal compensation of a deputy surveyor.
Where a public officer performs the duties of two offices he may elect the higher compensation of the two, but he cannot receive the compensation of both, and the petitioner was paid and receipted for his salary as clerk, and he cannot now change the nature or effect of that transaction, and claim that what was paid to and received by him as his full compensation as clerk was in fact or in law a part payment of his compensation as deputy surveyor. And his claim, wo think, is barred by the proviso of the Act September 30, 1850, (9 Stat. L., p. 542, § 1,) which is as follows: “That hereafter the proper accounting officers of the Treasury, or other pay officers of the United States, shall in no case allow any pay to one individual (of) the salaries of two different offices, on account of having performed the duties thereof at the same time.”
In this case, moreover, the petitioner's first appointment was on the express terms stated in the appointment, that it was made “without increase of his compensation as clerk,” and he was at liberty to receive the appointment on those terms if he pleased, and it might be for his advantage to do so, for it was promotion for the time, and might lead to permanent promotion, or keep him in the line of that 5 and there is no evidence in the case that he was influenced by anything but his own will and pleasure at the time. Besides, it may be that the appointment would not have been made except on the terms stated in it.
Then his second appointment of September 8, 1804, was made on a change of collectors, and within a month of the first appointment, and expressly as a re-appointment. It was thus a mere continuance of his first appointment, and so carried with it a presumption of a continuance of the same terms.
Then, as to third appointment, that -was made October 1,1866, to supply the absence of a permanent deputy collector during his annual vacation of two.weeks. And where the appointment was so temporary in its purpose, and has for precedents the two previous appointments “without increase of compensation as *359 clerk,” we think the presumption is that all were made and accepted on the same terms.
The record shows that under his appointment of October 1, 1866, for two weeks, he acted as deputy collector till March 31, 1867. But it also shows that during all that time he received his compensation as clerk, and receipted for it as such.